UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE CITY DIVISION

IN RE:

GREATER MOUNT PLEASANT
MISSIONARY BAPTIST CHURCH, INC.,           Case No. 13-40295-KKS
                                           Chapter 11

          Debtor-in-Possession.

---

## CREDITOR, HANCOCK BANK'S
## MOTION TO DISMISS CHAPTER 11 CASE FOR BAD-FAITH FILING

Creditor, HANCOCK BANK ("Hancock"), successor in interest to Peoples First Community Bank by asset acquisition from the FDIC as receiver for Peoples First Community Bank, through its undersigned counsel and pursuant to 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 9014, moves for dismissal of the above-captioned Chapter 11 proceeding for cause, including the case having been initiated in bad faith and, in support of this motion, alleges:

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.     Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1409(a).

**Background and Undisputed Facts**

The Church Property Loan

4.     On or about March 28, 2005, Mount Pleasant executed and delivered a promissory note to Hancock in the principal amount of $227,500.00, having a maturity date of April 13, 2010 (the "March 2005 Renewal Note"). The March 2005 Renewal Note is secured by a mortgage on the real property and fixtures where the Debtor operates its church (the "Church Mortgage" and the "Church Property"). The Church Mortgage is recorded in the public records of Leon County, Florida in Official Records Book 2316 at Page 1347. True and correct copies of the March 2005 Renewal Note and the Church Mortgage are attached hereto as **Exhibits 1** and **2**, respectively (collectively, the "Church Property Loan").

5.     The Debtor defaulted under the terms of the Church Property Loan by failing to make the payment due for November 2009 and all subsequent payments. As a result of the default, on April 19, 2011, Plaintiff filed suit to foreclose the Church Mortgage in Leon County State Court Litigation Number 2011-CA-1033 (the "State Court Litigation"). On November 8, 2012, a final summary judgment in foreclosure was entered in the State Court Litigation foreclosing the Church Mortgage and ordering a foreclosure sale to be held on December 12, 2012 (the "Foreclosure Judgment"). A copy of the Foreclosure Judgment is attached hereto as **Exhibit 3**. The foreclosure sale was canceled via court order and subsequently re-set to be held on May 13, 2013.

6.     As of the date of the Debtor's bankruptcy petition, Hancock is owed $251,077.89 under the Foreclosure Judgment.

7.     The Debtor failed to pay the ad valorem taxes and assessments due on the Church Property for the years 2008 through 2012. The unpaid ad valorem taxes and assessments have

2

been advanced by Hancock for the years 2008 through 2010.   The ad valorem taxes and assessments on the Church property remain due for the years 2011 and 2012.  A copy of the tax detail and evidence of Hancock's payment of the same is attached hereto as **Exhibit 4.**

8.   The Debtor has failed to insure the Church Property since before 2011.  Insurance has been force placed on the Church Property and paid for by Hancock for 2011, 2012 and 2013. A copy of the detail and evidence of the force placed insurance is attached hereto as **Exhibit 5.**

The Chapter 11 Petition

20.   On May 10, 2013, one business day before the foreclosure of the Church Property, the Debtor filed a voluntary petition for bankruptcy relief pursuant to Chapter 11 of the Code. CM/ECF 1.

21.   In Schedule D of its bankruptcy petition, the Debtor lists just two secured creditors— Hancock and Hancock. CM/ECF 1.  Hancock is scheduled as having a lien on the Church Property and a vehicle, which has been abandoned by Debtor.  Hancock is scheduled as having a $34,000.00 second lien position on the Church Property.  Based on the Debtor's schedules, the secured debts related to the Church Property total $279,238.36.

22.   Debtor's bankruptcy petition was deficient because it failed to include: Schedule A,  Schedule B, Schedule G, Schedule H, the Summary of Schedules, the Form B-6 and the Statement of Financial  Affairs.  Accordingly, the Clerk entered a Notice of Deficient Filing requiring the unfiled information to be filled no later than May 24, 2013. CM/ECF 4.

23.   Debtor has failed to comply with the Clerk's notice and as of the  date of this motion, Debtor's schedules remain woefully incomplete.

24.   Upon information and belief, Debtor has no ability to re-organize.

3

### Argument and Law

Following the request of a party in interest, and after notice and a hearing, section 1112(b) of the Bankruptcy Code requires this Court to convert or dismiss a Chapter 11, whichever is in the best interest of creditors and the estate, if good cause can be shown. 11 U.S.C. § 1112(b). As this Court has acknowledged, "[s]ection 1112(b) of the Bankruptcy Code permits a Chapter 11 petition to be dismissed for cause if the petition was filed in bad faith." *In re Prince Manor Apts., Ltd.*, 104 B.R. 414, 415 (Bankr. N.D. Fla. Fla. 1989) (citing *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988)). This Court should dismiss this Chapter 11 proceeding because it was filed in bad faith.

As this Court noted in *Prince Manor*, "[d]etermining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *Prince Manor*, 104 B.R. at 415 (quoting *In re Little Creek Development*, 779 F.2d 1068, 1072 (5th Cir. 1986)). While there is no rigid test to determine whether a Chapter 11 petition was filed in bad faith, the Eleventh Circuit has articulated several factors to assist in this determination: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to the claim of the secured creditors; (3) the debtor has few employees; (4) the property is the subject of a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. *Prince Manor*, 104 B.R. at 415 (citing *Phoenix Piccadilly*, 849 F.2d at 1394-95)). Although not a factor articulated in *Phoenix Piccadilly*, bankruptcy courts have also routinely

dismissed Chapter 11 proceedings as having been filed in bad faith where there is not a reasonable possibility for an effective reorganization. *See, e.g., In re Springs Plaza Assocs., L.P.*, 188 B.R. 48 (Bankr. M.D. Fla. 1995); *In re Lezdey*, 332 B.R. 217, 223-24 (Bankr. M.D. Fla. 2005). The circumstances precipitating this Chapter 11 filing demonstrate that this bankruptcy was initiated in bad faith and should be dismissed accordingly.

I.  **DISMISSAL IS WARRANTED BECAUSE THE DEBTOR FILED THIS CHAPTER 11 TO THWART THE COLLECTION EFFORTS OF ITS ONLY SIGNIFICANT SECURED CREDITOR.**

The facts precipitating this Chapter 11 filing fit the factors articulated in *Phoenix Piccadilly* like a glove. The Debtor's financial difficulties essentially involve a two-party dispute with its only significant secured creditor, Hancock, that should be resolved in the State Court Litigation. Upon information and belief, the Debtor has no employees and only one asset, which is subject to foreclosure in the State Court Litigation due to pre-petition arrearages to Hancock. Finally, the timing of filing this Chapter 11, on the eve of the foreclosure sale further demonstrates the dilatory motive behind this proceeding. Accordingly, this Chapter 11 should be dismissed.

Two-Party Dispute:

One factor to determine if a Chapter 11 proceeding was filed in bad faith is whether the debtor's financial problems involve a two-party dispute that can be resolved in a pending state court action. *In re Davis Heritage GP Holdings, LLC*, 443 B.R. 448, 456 (Bankr. N.D. Fla. 2011). This factor is easily met in this case. Hancock is the Debtor's only significant secured creditor and its dispute with the Debtor is already the subject of the State Court Litigation. CM/ECF 1 at p. 13. And, the claims of the few undisputed, non-insider unsecured creditors pale in comparison with Hancock's debt. CM/ECF 1 at p. 3 (reflecting total known, undisputed, non-

insider unsecured claims in the amount of $36,384.92, or 15% of Hancock's claim). Accordingly, this Chapter 11 proceeding should be dismissed because the Debtor's financial problems involve a two-party dispute with its only secured creditor that can be resolved in a pending state court action.

Timing of Filing:

Another factor to determine bad faith is whether "the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights." *Davis Heritage*, 443 B.R. at 456. This factor is also easily met. The Debtor filed its petition on the eve a foreclosure sale ordered in the State Court Litigation. The timing of filing alone demonstrates that the Debtor's sole objective in this proceeding is to thwart the legitimate efforts of Hancock to collect its debt. Under these circumstances, this Court should find that the Debtor filed its petition in bad faith.

One Asset:

Another factor that the Eleventh Circuit identified in *Phoenix Piccadilly* to determine bad faith is whether the debtor owns one asset. *Davis Heritage*, 443 B.R. at 455. The Debtor operates a church and its only meaningful asset is the Church Property, which is subject to foreclosure in the State Court Litigation as a result of the Debtor's failure to pay the amounts owed to Hancock. These facts support Hancock's position that this Chapter 11 was filed in bad faith and should be dismissed accordingly.

Few Employees:

Another factor to determine whether a Chapter 11 proceeding was filed in bad faith is that the debtor has few employees. *Davis Heritage*, 443 B.R. at 455. This factor is also easily met. Upon information and belief, the Debtor has less than 3 employees.

6

## II.    DISMISSAL IS WARRANTED BECAUSE THERE IS NOT A REALISTIC POSSIBILITY FOR AN EFFECTIVE REORGANIZATION.

Like other bankruptcy courts, this Court has previously dismissed Chapter 11 proceedings for bad faith where there is not a realistic possibility of reorganization. *In re Lorraine Guardian, Ltd.*, 104 B.R. 435, 438 (Bankr. N.D. Fla. 1989); *In re Berkshire Manor Apartments, Ltd.*, 104 B.R. 417, 420 (Bankr. N.D. Fla. 1989). In particular, "[d]ismissal under section 1112(b)(2) is appropriate when a court determines that it is unreasonable to expect that a plan can be confirmed within a reasonable amount of time." *Lezdey*, 332 B.R. 217, 222 (citing *In re Woodbrook Assoc.*, 19 F.3d 312, 316-17 (7th Cir. 1994). Here, there is no reasonable prospect for an effective reorganization because there is not a legitimate business operation to reorganize and the Debtor cannot pay its debts, even if restructured. Hancock reserves the right to amend this motion when and if the Debtor actually files the requisite schedules and statement of financial affairs. Accordingly, this Chapter 11 proceeding should be dismissed because there is not a realistic chance for a successful reorganization.

### Conclusion

This Court should dismiss this Chapter 11 proceeding for cause pursuant to section1112(b) of the Code because it was filed in bad faith. The Debtor has just one significant secured creditor and its financial difficulties involve a two-party dispute that is already the subject of the State Court Litigation. The timing of filing, coupled with the Debtor's conduct in the State Court Litigation, demonstrates that this case was filed with the intent to frustrate Hancock's legitimate collection efforts. The Debtor also has few employees, and its only meaningful asset is subject to foreclosure in the State Court Litigation.

Furthermore, this Court should dismiss this Chapter 11 proceeding because there is not a realistic prospect for a successful reorganization. Not only is there not a legitimate business operation to reorganize, but the Debtor has no ability to re-organize.

### Reservation of Rights

Hancock reserves all rights as a secured creditor pursuant to the Bankruptcy Code including, but not limited to, filing an objection to the Debtor's Disclosure Statement and to confirmation of the Plan.

Dated this 30th day of May 2013.

Respectfully submitted,

/s/Keith L. Bell, Jr.
**KEITH L. BELL, JR.**
Florida Bar No. 573809
Clark, Partington, Hart,
      Larry, Bond & Stackhouse
106 East College Ave, Suite 600
Tallahassee, FL 32301
Telephone: (850) 320-6838
Facsimile: (850) 597-7591
Email: kbell@cphlaw.com
*Attorneys for the Creditor, Hancock*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties who have requested notice via electronic filing this 30th day of May 2013.

/s/Keith L. Bell, Jr.
**KEITH L. BELL, JR.**

8